UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PAMELA CHAPMAN. ) | 3:23-CV-00424 (KAD) |
| *Plaintiff*, ) | |
| ) | |
| v. ) | |
| ) | |
| JONATHON KARP ET AL. ) | JUNE 8, 2023 |
| *Defendants*. ) | |

## ORDER *SUA SPONTE* DISMISSING COMPLAINT

Kari A. Dooley, United States District Judge:

Plaintiff Pamela Chapman filed this Complaint, consisting of 55 pages and 397 paragraphs, in which she names 137 Defendants. She alleges a far reaching criminal and civil conspiracy, the object of which is, in essence, her total personal and economic destruction. Conspirators include President Biden[1], First Lady Jill Biden, Vice President Kamala Harris, several members of Congress, Catherine, Princess of Wales, Eugenie of York, Plaintiff's ex-husband Andrew Parsons, and numerous others known to Plaintiff or associated with those known to Plaintiff. Many Defendants are in the arts or publishing industries or are associated with those in the arts or publishing industries. Many others are private actors from the Newport, Rhode Island area or associated with those from the Newport, Rhode Island area. Given the nature of the allegations, as discussed below, the Court has conducted a review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and for the reasons that follow, the Complaint is DISMISSED with prejudice.

**Allegations**

While the thread of Plaintiff's conspiracy is not easily followed given the somewhat inscrutable nature of her allegations, the Complaint is summarized as follows. Plaintiff wrote a

---

[1] Plaintiff has since indicated an intention to dismiss President Biden from the lawsuit not because he was not a co-conspirator but because she understands that a sitting United States President cannot be sued. *See* ECF No. 19.

fictional book about a protagonist involuntarily held in the psychiatric ward of a hospital. *See* Compl., ECF No. 1, at ¶ 164 ("The Plaintiff's novel – literary fiction – describes a nine-day forced incarceration in the psychiatric department of the local hospital of a protagonist – sent there by her physician husband as part of an offensive strike against the protagonist during a divorce – where the facilities for the psychiatric patients are less than one could imagine, and unlike those for all other patients at a boutique island resort hospital.") She alleges that a far-reaching cabal of actors, for a variety of reasons, stole the book to suppress it from being published, and thereafter embarked on a campaign of harassment and defamation aimed at denying her the economic benefits of her authorship and to otherwise "incapacitate" her. *Id.* at ¶ 149 ("All Defendants colluded in a bandwagon effect of a hate crime against the Plaintiff gathering every person the plaintiff has known in her life, several of whom populated Kamala's Table and the Workshop."). She alleges that she is under "real time" surveillance and that the Defendants "can hear and witness" the preparation of her Complaint as she writes it. *Id.* at ¶ 190. She alleges that the Defendants employ sorcery, black magic and witchcraft to achieve their goals. *See id.* at ¶ 194 ("The use of such sorcery technologies, includes anything that when aimed with right intention, effectuates a measurable or descriptive outcome in the physical realm. Most sorcery technologies are levied against another without the express grant by a citizen of a right or a permission. They are levied as weapons of ambush against another.") In this vein, Plaintiff alleges that "The House Ways and Means Committee operates as a Secret Society within the United States government. All senior elected officials and their selected initiates are called into membership without permissions." *Id.* at ¶ 197. She further describes scavenger hunts and other games developed and initiated by the Defendants, and in particular, Vice President Harris, which occur in "Secret Society space." *Id.* at ¶ 207. One game is designed, among other purposes, to incapacitate the Plaintiff and has the further

object of expanding the number of initiates devoted to incapacitating the Plaintiff into the future. Indeed, Vice President Harris appears to be central to the alleged conspiracy to bring harm to the Plaintiff. *See id., passim.*

The Complaint also alleges that various Defendants "imagined a scheme that with the help of [named Defendant] and his sorcery skill, they would implant a pre-recorded scenario of pre-mediated death in the Plaintiff, which would allow these [other named Defendants] to direct or to dictate to the Plaintiff, at some moment of time in the future, exactly how, when and where she would kill herself." Compl. ¶ 356. Even more disturbing, Plaintiff alleges that over the course of multiple months, she was physically and sexually assaulted repeatedly by various named Defendants. The Court has not attempted to include the full array of the allegations against the various Defendants but offers this narrative as exemplary of Plaintiff's claims.

**Discussion**

Title 28 U.S.C. § 1915(e)(2)(B) provides that the Court "shall dismiss [a] case at any time if the court determines that – …(B) the action or appeal – (i) is frivolous…; [or] (ii) fails to state a claim on which relief may be granted." The Court construes complaints filed by pro se litigants liberally to "raise the strongest arguments [the allegations] suggest." *Abbas v. Dixon,* 480 F.3d 636, 639 (2d Cir. 2007). A claim is frivolous within the meaning of the statute if it has no basis in law or in fact. *See Livingston v. Adirondack Beverage, Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (finding a complaint is frivolous when "(1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks omitted).

**Failure to State a Claim**

Although most, if not all, of the claims in the Complaint must be dismissed for the additional reasons set forth below, the Court concludes that the Complaint is subject to dismissal *in its entirety* because the allegations are, simply put, fantastical and delusional. The Supreme Court has held that a court may dismiss a claim as factually frivolous only if the facts alleged are "clearly baseless," a category encompassing allegations that are "fanciful," "fantastic," and "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (internal citations omitted). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Id; see also Gallop v. Cheney,* 642 F.3d 364, 368–69 (2d Cir. 2011) (Affirming dismissal of complaint as spun "entirely of cynical delusion and fantasy, where Plaintiff alleged broad conspiracy among government officials to carry out the terrorist attacks on September 11, 2001 without any factual foundation.); *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994) (finding dismissal proper only where claims are "flimsier than doubtful or questionable" and "essentially fictitious" or otherwise "fanciful" such as those that allege "bizarre conspiracy theories, any fantastic government manipulations of their will or mind, [or] any sort of supernatural intervention.") (internal quotations omitted). In addition to the allegations described above, and by no means the only other allegation on which this conclusion rests, the Court finds particularly demonstrative Plaintiff's allegations that the conspirators played the "game" to incapacitate the Plaintiff in order to become Kamala Harris. As an example of this, Plaintiff alleges:

> 292. [Named Defendant N.G.] said "The reason I could not stand down yesterday after Kamala Harris married me to [named defendant A.V[2] was because I am going to best [H.G.] and [Plaintiff] by having intercourse with [H.G.] physically, thereby besting [PLAINTIFF]. Then, together [H.G.] and I would both block her book, and a movie."

---

[2] A.V., named in the Complaint, is a published author.

> 293. Then [N.G.] would go to the doorstep of Kamala Harris and say, "I have hand-delivered to you both a movie and a book that you wanted blocked, and I screwed both [H.G.] and [Plaintiff]. Now I am Kamala Harris, I bested Kamala Harris and I am her through and through. There is no one else like me for you – [H.G.] and I am now Kamala Harris. I will never step down, and I will always reign supreme in the United States of America, the government of the people. This is [N.G.]"

Compl. at 37. Plaintiff's Complaint is rife with similar allegations against other named Defendants, all of which can only be fairly characterized as untethered from reality. On this basis alone, the Complaint must be dismissed with prejudice.

Notwithstanding, the Court further observes that the Complaint suffers from additional deficiencies rendering many, if not all, of the claims subject to dismissal.

**Violations of Criminal Law**

As the primary identified basis for her claims, Plaintiff cites numerous federal criminal statutes and seeks as relief that the Defendants be prosecuted to the fullest extent of the law. *See* Compl. at 55. However, federal criminal statutes do not generally provide private civil rights of action. *See Xu v. Neubauer*, 166 F. Supp. 3d 203, 207 (D. Conn. 2015); *see also, Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86–87 (2d Cir.1972) ("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not…by private complaints."); *Sheehy v. Brown,* 335 Fed. App'x. 102, 104 (2d Cir. 2009) ("federal criminal statutes do not provide private causes of action"); *Dugar v. Coughlin*, 613 F. Supp. 849, 852 (S.D.N.Y. 1985). Nor can these statutes serve as a predicate for a Section 1983 action. *See Dugar,* 613 F. Supp. At 858 n.1, (*citing Dopico v. Goldschmidt,* 518 F. Supp. 1161, 1176 (S.D.N.Y.1981), *aff'd in part, rev'd in part on other grounds,* 687 F.2d 644 (2d Cir.1982)). Accordingly, any claims purporting to arise out of federal criminal statutes for which Plaintiff seeks the prosecution of the Defendants are dismissed with prejudice.

**HIPAA**

Plaintiff also purports to bring claims under the Health Insurance Portability and Accountability Act ("HIPAA"). These claims appear to derive from certain Defendants disclosing Plaintiff's private medical history, which, although detailed in the Complaint, the Court does not include here. However, HIPAA does not provide for a private right of action. *See McQuay v. Pelkey*, No. 3:16-cv-436 (MPS), 2017 WL 2174403, at *3 (D. Conn. May 17, 2017); *see also Webb v. Smart Document Sols., LLC*, 499 F.3d 1078, 1080 (9th Cir. 2007) *and Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006) ("HIPAA limits enforcement of the statute to the Secretary of Health and Human Services."). Accordingly, all claims purporting to be premised upon HIPAA are dismissed with prejudice.

**Section 1983**

Plaintiff also asserts that the Defendants' actions violated her constitutional rights and cites to Title 42 U.S.C. § 1983. However, it does not appear that *any* of the named Defendants are state actors. *See Cambriello v. Cnty of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("In order to state a claim under Section 1983, a plaintiff must allege that [s]he was injured by either a state actor or a private party acting under color of state law.") The Defendants are comprised of private citizens, federal officials and foreign nationals. Accordingly, any Constitutional claims purportedly brought pursuant Section 1983 are dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[3]

---

[3] In asserting venue in this district, Plaintiff does assert that due to several defendants being well-connected to Rhode Island officials, she could not bring her claims in Rhode Island. Though unclear, even if one or more of the named Defendants are state actors, the claims against them would be dismissed for the other reasons set forth herein.

**Bivens**

Though not cited, to the extent Plaintiff intends to bring a claim under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), against the federal officials identified as named Defendants, the Supreme Court has only recognized *Bivens* claims in three distinct scenarios. *See id.* (where the Court found there was an implied claim for money damages under the Fourth Amendment where a man alleged that federal narcotics officers had searched his apartment without a warrant or probable cause and that the officers had used unreasonable force in doing so); *see Davis v. Passman*, 442 U.S. 228 (1979) (where the Court found there was a damages remedy under the Fifth Amendment for an employee who alleged that a Congressman fired her because of her gender); *see Carlson v. Green*, 446 U.S. 14 (1980) (where the Court found a damages remedy under the Eighth Amendment for the estate of a prisoner who died due to an alleged failure of federal officers to treat his medical condition). None of these scenarios are implicated by Plaintiff's allegations. Accordingly, any purported *Bivens* claim against the named federal officials are dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**Conclusion**

For the foregoing reasons, the Complaint is DISMISSED with prejudice. The Clerk of the Court is directed to close this case.

**SO ORDERED** at Bridgeport, Connecticut this 8th day of June 2023.

                                    */s/ Kari A. Dooley*
                                    KARI A. DOOLEY
                                    UNITED STATES DISTRICT JUDGE